

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| NANCY C. HARDWICK,<br>　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:15-CV-02222-MGL |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed this action for breach of contract, unfair business practices and unfair and deceptive acts, negligence, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and fraud. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's Motion for Summary Judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 8, 2016, and Defendant filed its objections to the Report on June 27, 2016. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Defendant raises two objections to the Report. First, Defendant objects to the Magistrate Judge's suggestion that the applicable statute of limitations should be equitably tolled or, alternatively, that the Defendant should be equitably estopped from asserting the statute of limitations as a defense. ECF No. 57 at 2. Defendant argues Plaintiff's claims are all governed by a three-year statute of limitations which ran on December 21, 2013, and Defendant propounds that it "took no action or in any way prevented Plaintiff from raising her claims in the pending 2010 Foreclosure Action," so there is no injustice in time-barring Plaintiff's claims. *Id.* at 3-4.

This Court, however, finds Defendant's emphasis on the fact that it did not outright prevent Plaintiff from bringing her claims within the statutorily defined period unpersuasive. Given that Plaintiff is appearing pro se, as well as the fact that Plaintiff depended on Defendant's seeking a foreclosure judgment after the dismissal of her 2012 federal action, this Court agrees with the Magistrate Judge's application of equitable tolling and equitable estoppel. Because the Court finds no error in the Magistrate Judge's treatment of this issue, it need not discuss it in further detail. Therefore, the Court will overrule Defendant's first objection.

Second, Defendant objects to the Magistrate Judge's conclusion that the *Rooker-Feldman* doctrine is inapplicable, contending abstention prevents this Court from addressing this case. *Id.* at 6. Defendant avows the Magistrate Judge incorrectly held that Plaintiff's pending appeal before the South Carolina Court of Appeals means there has been no final state court judgment, because the appeal is purportedly improper, so the Master in Equity's foreclosure judgment is *de facto* final.

*Id.* Defendant further asserts that it is irrelevant that Plaintiff filed her Complaint prior to the entry of the foreclosure judgment, as the timing of the filing is only one of several relevant considerations under the *Rooker-Feldman* doctrine in the Fourth Circuit. *Id.* at 7.

Defendant's contentions are, again, misguided. First, Defendant's argument that Plaintiff's appeal was improper and the South Carolina Court of Appeals will ultimately "have no choice but to dismiss [it]" is unpersuasive, as regardless of what may happen to that appeal in the future, it is not a final judgment at present. *Id.* at 6. Further, as noted by the Magistrate Judge, the United States Supreme Court has explained that the *Rooker-Feldman* doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, even if the foreclosure judgment is final, the *Rooker-Feldman* doctrine fails to bar this Court from addressing Plaintiff's claims in that Plaintiff brought this action several months before the Foreclosure Order was signed. Consequently, the Court will overrule Defendant's second objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of June, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE